```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                       FORT WAYNE DIVISION

ROBERT J. MICHEAU,             )
                               )
Petitioner,                    )
                               )
vs.                            )     NO. 1:07-CV-291
                               )
SUPERINTENDENT,                )
                               )
Respondent.                    )
```

OPINION AND ORDER

This matter is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.E. # 1) filed November 19, 2007, by the Petitioner, Robert J. Micheau. For the reasons set forth below, this Habeas Corpus Petition is **DENIED** for lack of jurisdiction.

BACKGROUND

Robert J. Micheau, a *pro se* prisoner, filed a habeas corpus petition in *Micheau v. Superintendent*, 1:07-CV-158 (N.D. Ind. filed July 5, 2007) which attempted to challenge several different proceedings. In response, this court informed him that he could only challenge one proceeding in a habeas petition and afforded him the opportunity to file multiple petitions if he sought to challenge different proceedings. This is one of the three additional cases that he then filed.

DISCUSSION

Micheau states that this habeas petition is attempting to challenge a 1990 Texas drug conviction in Williamson County which resulted in a 20 year sentence. (Petition at ¶¶ 1-3 and 12.3.a, D.E. # 1 at 1 and 10) Though he states that he has not previously challenged this conviction in federal court (Petition at 10, D.E. # 1 at 2), this is not the first time that he has brought a federal habeas corpus petition challenging this conviction. In *Micheau v. Penrod*, 1:05-CV-328 (N.D. Ind. filed September 12, 2005), his habeas corpus petition was denied on January 20, 2006. Regardless of whether the claims that he is now attempting to present are new or whether the were presented in his previous petition, this petition must be dismissed. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Therefore any claims previously presented must be dismissed. Additionally, for any claim not previously presented,

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3). Micheau has not been authorized to bring a second or successive petition by the Seventh Circuit. "A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v.*

2

*United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Therefore any previously unpresented claims must also be dismissed.

CONCLUSION

    For the reasons set forth above, this Habeas Corpus Petition is **DENIED** for lack of jurisdiction.

**DATED: April 3, 2008**          /s/RUDY LOZANO, Judge
                                               **United State District Court**